**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MALIK SAIR JAN,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center; DANIEL BRIGHTMAN, Field Office Director, San Diego Office of Detention and Removal; TODD M. LYONS, Acting Director, KRISTI NOEM, Secretary, U.S. Department of Homeland Security ("DHS"); U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General, U.S. Department of Justice.

Respondents.

Case No.: 26cv3443 DMS VET

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

This is the second case filed by Petitioner in this Court. In the first case, Case No. 26cv0017 DMS VET, Petitioner alleged his continued detention without a bond hearing violated his due process rights. Case No. 26cv0017 DMS VET, ECF No. 11. The Court agreed with Petitioner and ordered Respondents to provide him with a bond hearing. Because the Court's order was silent on the burden of proof for the bond hearing, the

immigration judge placed the burden on Petitioner to establish his entitlement to bond. The immigration judge found Petitioner did not meet that burden, and therefore denied Petitioner's request for bond. (Return, Ex. 5.)

After that bond decision, the immigration judge held a merits hearing on Petitioner's case following a remand order from the Board of Immigration Appeals ("BIA").[1] After that hearing, the immigration judge denied Petitioner's request for deferral of removal under the CAT, and ordered Petitioner removed to Afghanistan. (Return, Ex. 6.) Petitioner did not appeal that decision to the BIA, therefore his removal order became final on March 23, 2026.

On June 7, 2026, Petitioner filed the present case, again arguing that his prolonged detention violates his due process rights. In their Return, Respondents assert that in light of Petitioner's removal order, Petitioner's detention is now governed by 8 U.S.C. § 1231(a). Under that statute, Petitioner must be detained for the first 90 days post final removal order, or until June 21, 2026.[2] Thus, Respondents argue Petitioner's claim is not yet ripe, and will not be ripe until at least September 24, 2026, according to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner did not file a Traverse, so his position on these issues is unclear. The record, however, is clear that Petitioner is currently subject to a final removal order, and

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] In his original merits hearing, the immigration judge granted Petitioner's request for deferral of removal to Afghanistan under the Convention Against Torture ("CAT"). (Return, Ex. 2.) The Department of Homeland Security appealed that decision to the BIA, (Return, Ex. 3), which vacated the immigration judge's decision and remanded the case back to the immigration judge for further fact finding. (Return, Ex. 4.)

[2] The Return was filed on June 15, 2026, before the removal period had expired.

the six-month presumptively reasonable period of detention under *Zadvydas* has not yet expired. Accordingly, the Petition is denied without prejudice.

**IT IS SO ORDERED**.

Dated: July 29, 2026

Hon. Dana M. Sabraw
United States District Judge